*433
 
 Pearson, J.
 

 In the case of
 
 Herring
 
 v.
 
 Wilmington and Raleigh Rail Road Company,
 
 10 Ire. Rep. 402, the facts were nearly the same as are presented by this case, with this difference — there, the property destroyed was a slave, here, it was a cow. It was held, in that case, that the facts did not show negligence on the part of the defendant. ¥e consider that holding, decisive of this case. '
 

 The plaintiff’s counsel, in the argument, admitted that the opinion of the Judge in the Court below could not be sustained, except upon the broad ground that, if a cow is killed by the rail road car, that fact itself is proof of negligence, and entitles the owner of the animal to recover, unless the defendant is able to rebut the presumption of negligence. He relied upon
 
 Ellis v. Portsmouth and Roanoke Rail Road Company,
 
 2 Ire. Rep. 138. That case, and
 
 Piggot
 
 v.
 
 East Co. R. R.,
 
 E. C. L. Rep. 22 J, upon which it is founded, are commented on, and explained in Herring’s case, where it is said, “ In both these cases fire" was communicated to the 'property of the plaintiff; in the one case, a barn, and in the other, a fence was set on fire by sparks from the cars. It was proven in both, cases that the cars had been running for along time, and
 
 things remaining in the same
 
 condition, the fact that fire was communicated on a particular occasion, was properly held to
 
 beprima facie
 
 evidence that it was the result of negligence.” The. opinion then proceeds to point out the distinction between a fence, or a barn, which are
 
 siationa/ry,
 
 and an animal, which has the power of locomotion. The conclusion is, that in respect to to the latter, the principle has no application, because things do not remain in the same condition. In the former, the plaintiff’s property
 
 remains where it was,
 
 and if it is set on fire, that fact, of itself, shows that there "was something wrong about the defendants’ work's, or their management', and throws on them the burthen of showing some unusal cause — such as a gust of wind. In the latter the plaintiff’s property
 
 changes its position \
 
 so, things do not remain in the same condition, and how the matter occurred is open for en-
 
 *434
 
 quiry; and as the plaintiff alleges negligence, it is for him to make the proof.
 

 The opinion, then, discusses the question of negligence, as an open question, between a log of wood, a cow, and a slave, to which it is not necessary now to advert.; for, as stated above, the ruling below cannot be sustained, except upon the principle above referred to, which, as we have seen, has no application to a case where damage is done to property that has the power of locomotion, and which happens to be on the track, or to jump on it at the crisis. There is error.
 

 Pee CubxaM. The judgment must be reversed and a
 
 venwo do novó.